## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COREY JAMES BENJAMIN,<br><br>Defendant. | Criminal No. 11-294 (RHK)<br>Civil No. 16-2264 (RHK)<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

The Defendant, Corey James Benjamin, has filed a *pro se* Motion for reconsideration, based on the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), which held unconstitutional the residual clause of the Armed Career Criminal Act ("ACCA"). Doc. No. 64. After careful consideration of Benjamin's Motion, the Government's response, and the law and facts applicable to this case, the Motion for reconsideration will be denied for the reasons that follow.

## BACKGROUND

An Indictment filed on September 12, 2011, charged Defendant with being a felon in possession of a firearm. The case was the result of investigation by the Mille Lacs Tribal Police Department which responded to a report of shots fired on the Mille Lacs Indian Reservation on July 24, 2011. Presentence Report ("PSR") ¶ 5. Officers located several spent 9mm shell casings near the home of Tracy Harrington and subsequently located the Defendant behind a neighboring home. Benjamin was identified by several witnesses as having fired a handgun. A gunshot residue test on Benjamin was positive.

Benjamin then admitted to law enforcement that he had fired the weapon and disposed of it in a wooded area behind the Harrington residence.

In the parties' plea agreement, Defendant agreed to plead guilty to Count 1 alleging felon in possession of a firearm.   Doc. No. 24, Plea Agreement ¶ 2 (filed under seal). Defendant further agreed that he was subject to the Armed Career Criminal provision found in Title 18 U.S.C. § 924(e).   Doc. No. 24, Plea Agreement ¶ 6.   The PSR documented the following crimes in violation of Minnesota state law:  second degree assault in 2004; fifth degree assault in 2008; fifth degree assault in 2009; and third degree burglary in 2009.   PSR ¶ 9.   A PSR was prepared by the United States Probation Office.

The PSR determined that because Defendant had at least three prior convictions for violent felonies, he was an Armed Career Criminal under the ACCA, subject to a statutory minimum term of imprisonment of 15 years and a Guidelines offense level of 30.   This Court and the parties agreed with these assessments.   See Sentencing Transcript ("Tr.") at 2-3.   Defendant did not object to the PSR and acknowledged that "Defendant's criminal history subjects him to § 924(e)."   Doc. No. 30, Def's. Sentencing Mem. at 1.   This Court adopted the PSR, found Defendant to be an Armed Career Criminal, and imposed a sentence of 180 months.   Tr. at 9.   Defendant filed no appeal.

Defendant moved to vacate his sentence after the Supreme Court invalidated the residual clause within 18 U.S.C. § 924(e) in Johnson v. United States.   This Court denied Defendant's petition.   See Doc. No. 60.   Defendant now moves this Court to reconsider this ruling based upon the holding in McArthur v. United States, __ F.3d __, 2017 WL 744032 (8th Cir. Feb. 23, 2017), which invalidated Minnesota's Third Degree Burglary as

2

a predicate offense for purposes of the ACCA's mandatory minimum sentence.

Defendant also relies upon United States v. Headbird, 832 F.3d 844 (8th Cir. 2016) in

support for his request for reconsideration.

## DISCUSSION

Motions to reconsider require the "courts' prior permission," which will be granted

only upon a showing of "compelling circumstances."   D. Minn. LR 7.1(j); see United

States v. Fenner, Crim. No. 06-211 (01) (2012 WL 2884988, at *1 (D. Minn. July 13, 2012)

(Davis, C.J.) (applying Local Rule 7.1 to Section 2255 petition).

> Motions for reconsideration serve a limited function:   to
> correct manifest errors of law or fact or to present newly
> discovered evidence . . .   Nor should a motion for
> reconsideration serve as the occasion to tender new legal
> theories for the first time.

Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988).   Further, a motion

to reconsider should not be employed to re-litigate old issues but rather to "afford an

opportunity for relief in extraordinary circumstances."   Dale and Selby Superette & Deli

v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993).

At the time he violated 18 U.S.C. § 922(g), Defendant had at least three prior felony

convictions for crimes that were violent felonies under the elements clause of the ACCA,

that is, crimes that had "as an element the use, attempted use, or threatened use of physical

force against the person of another."   18 U.S.C. § 924(e)(2)(B)(i).   These were: second

degree assault in 2004; fifth degree assault in 2008; and fifth degree assault in 2009.   PSR

¶¶ 35, 48-51. [1]   These three felony convictions remain valid predicate offenses for purposes of the ACCA's mandatory minimum sentence.

Each of these aforementioned assault offenses (assault in the second degree and assault in the fifth degree) requires an "assault".   Under Minnesota law, "assault" is defined as: "(1) an act done with intent to cause fear in another of immediate bodily harm or death; or (2) the intentional infliction of or attempt to inflict bodily harm upon another." Minn. Stat. § 609.02, subd. 10.   In United States v. Schaffer, 818 F.3d 796, 798 (8th Cir. 2016), the Eighth Circuit held that a conviction for committing an "act with intent to cause fear in another of immediate bodily harm or death" in violation of Minnesota Statutes Section 609.2242, subd. 1(1) qualified as a violent felony as defined in the ACCA's force clause, 18 U.S.C. § 924(e)(2)(B)(i), because the offense "ha[d] as an element the threatened use of physical force against the person of another." (internal quotation marks omitted).   A defendant who intentionally inflicts bodily harm is by definition using "physical force" capable of causing that harm.   Roberts v. Holder, 745 F.3d 928, 931 (8th Cir. 2014).   Thus, Minnesota felony fifth degree assault necessarily is a violent felony under the ACCA.   See 18 U.S.C. § 924(e)(2)(B)(i).

The second-degree assault statute under which Defendant was convicted makes it a crime to "assault[] another with a dangerous weapon."   Minn. Stat. § 609.222, subd. 1 (1994); Id. (2001).   To be convicted of Minnesota second degree assault, a defendant

---

1 The Government has conceded that Defendant's Third Degree Burglary conviction is no longer a valid predicate offense for purposes of the ACCA.   See McArthur v. United States, __ F.3d __, 2017 WL 744032 (8th Cir. 2017).   However, because Defendant still has three other qualifying convictions for assault, his sentence remains valid.

must use a dangerous weapon to intentionally cause another person to fear immediate bodily harm or death or to intentionally inflict or attempt to inflict bodily harm on another person.   Minn. Stat. §§ 609.02, subd. 10, 609.222, subd. 1.   Minnesota defines a "dangerous weapon" as "any firearm," any weapon "capable of producing death or great bodily harm," any "combustible or flammable liquid or other device or instrumentality that, in the manner it is used or intended to be used, is calculated or likely to produce death or great bodily harm," and any fire "used to produce death or great bodily harm."   Minn. Stat. § 609.02, subd. 7.

Using any one of these weapons to threaten, attempt or inflict immediate bodily harm necessitates at a minimum a threat of physical force sufficient to cause pain or injury. Thus, an assault with a dangerous weapon -- in Defendant's case, a bat -- meets the Curtis Johnson definition of physical force.   See Johnson v. United States, 559 U.S. 133, 145 (2010) ("Curtis Johnson").   This is because any assault involving a weapon that is "calculated or likely to produce death or great bodily harm," must, by definition, involve at minimum a threat of physical force sufficient to cause pain or injury.   Therefore, Minnesota second degree assault falls within the ACCA elements clause:   it requires for conviction proof of "the use, attempted use, or threatened use of physical force against the person of another."   18 U.S.C. § 924(e)(2)(B)(i).

In his Motion for reconsideration, Defendant cites Headbird as authority for his argument that his Second Degree Assault conviction no longer qualifies as a crime of violence for purposes of the ACCA.   The Headbird court addressed the different question of whether Minnesota's second-degree assault statute is divisible with respect to the type of

dangerous weapon used by a juvenile to commit his crime. It did so because of the ACCA's requirement that a juvenile adjudication for second-degree assault specifically involve the use of a firearm, knife, or destructive device before it can be used to predicate ACCA status. Relying upon guidance from United States v. Mathis, 136 S. Ct. 2243, 2257 (2016), Headbird concluded that the defendant's prior juvenile adjudication did not qualify as an ACCA predicate offense. In its discussion of this narrower question, however, the Eighth Circuit reiterated it's holding in United States v. Schaffer, 818 F.3d at 798, that a non-juvenile conviction for Assault in the Second Degree – like the Defendant's conviction – remains a valid predicate offense for purposes of the ACCA's mandatory minimum sentence. Headbird, 832 F.3d at 847 (8th Cir. 2016). As such, Defendant's Headbird-based argument fails. For all of the foregoing reasons, the Court finds no compelling circumstances meriting reconsideration of its prior ruling.

## CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Copeland v. Washington, 232 F.3d 969, 977 (8th Cir. 2000). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court concludes that Benjamin has failed to make the required substantial showing of the denial of a constitutional right and denies a certificate of appealability.

6

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED**:

1.  Benjamin's Motion for reconsideration (Doc. No. 64) is **DENIED**; and

2.  A certificate of appealability is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY** in Civil No. 16-2264 (RHK).

Dated:   March 22, 2017

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge